The State v. Wilson.

---

THE STATE OF KANSAS V. S. B. S. WILSON.

No. 14,292.  (80 Pac. 564.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Physicians and Surgeons.* Under the law of 1881 (Laws 1881, ch. 128, sec. 3) as amended by the act of 1885 (Laws 1885, ch. 149, sec. 2; Gen. Stat. 1901, sec. 2453), a physician lawfully engaged in the practice of his profession may administer intoxicating liquors to a patient, if he deem it necessary to the health of such patient, and charge and receive pay therefor.

Appeal from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed April 8, 1905. Affirmed.

*C. C. Coleman,* attorney-general, *C. C. Hoge,* county attorney, and *J. P. Hindman,* for The State.

*H. L. Burgess,* and *C. L. Randall,* for appellant.

The opinion of the court was delivered by

GREENE, J.: The appellant was convicted of selling intoxicating liquors in violation of law and seeks by this proceeding to have the judgment reversed.

It appears that he was a physician lawfully and regularly engaged in the practice of his profession. At the trial he contended that he had not sold any intoxicating liquors, and that the alleged sales with which he was charged were cases of administering such liquors by him to his patients and were, in his judgment, necessary to the health of such patients. The statute authorizing physicians to administer intoxicating liquors to patients is section 2 of chapter 149, Laws of 1885 (Gen. Stat. 1901, §2453), which reads as follows:

"Any physician who is lawfully and regularly engaged in the practice of his profession as a business, and who, in case of actual need, shall deem any of the liquors mentioned in section 1 of this act necessary for the health of his patients, may give such patient a written or printed prescription therefor, or may administer the same himself. But no such prescription shall be given or liquors administered except in case of actual need, and where in his judgment the use of intoxicating liquors is necessary. And every physician who shall give such prescription or administer such liquors in violation of this act, and every physician who shall give to or write for any person a prescription for intoxicating liquors for the purpose of enabling or assisting any person to evade any of the provisions of this act, or for the purpose of enabling or assisting any person to obtain any intoxicating liquors for use as a beverage, or to be sold or disposed of in any manner, in violation of the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars

nor more than five hundred dollars, and by imprisonment in the county jail not less than ten days nor more than ninety days."

The first error complained of is predicated on the giving of certain instructions. The law provides that a physician lawfully and regularly engaged in the practice of his profession, if he shall deem it necessary to the health of a patient, may administer intoxicating liquors to such patient. It follows, therefore, that in the absence of any statutory inhibition he may charge therefor. There is nothing in the instructions which denies this right.

The real questions at the trial were whether the appellant disposed of any intoxicating liquors, and, if he did, whether such liquors were in fact administered to his patients, within the meaning of the law, or were sold to be drunk as a beverage. There was no question about his right to charge for intoxicating liquors properly administered by him to his patients. These questions were submitted to the jury under full and proper instructions.

Some complaint is made that the court did not sufficiently define the word "administer." The following definition was given: "The legal definition of the word 'administer' is to give, supply, or dispense." The contention of the appellant is that the court should have added the word "furnish." It was not necessary for the court to use all the synonyms of the word in order to convey to the jury a correct definition of it; those used were sufficient.

There was no error in refusing the instructions requested by the appellant.

The judgment of the court is affirmed.

All the Justices concurring.